No. 23-10326

# In the United States Court of Appeals for the Fifth Circuit

———————————

BRAIDWOOD MANAGEMENT, INCORPORATED; JOHN SCOTT KELLEY;
KELLEY ORTHODONTICS; ASHLEY MAXWELL; ZACH MAXWELL; JOEL
STARNES,

*Plaintiffs-Appellees/Cross-Appellants*,

v.

XAVIER BECERRA, SECRETARY, U.S. DEPARTMENT OF HEALTH AND
HUMAN SERVICES, IN HIS OFFICIAL CAPACITY AS SECRETARY OF
HEALTH AND HUMAN SERVICES; UNITED STATES OF AMERICA; JANET
YELLEN, SECRETARY, U.S. DEPARTMENT OF TREASURY, IN HER OFFICIAL
CAPACITY AS SECRETARY OF THE TREASURY; JULIE A. SU, ACTING
SECRETARY, U.S. DEPARTMENT OF LABOR, IN HER OFFICIAL CAPACITY
AS SECRETARY OF LABOR,

*Defendants-Appellants/Cross-Appellees*.

———————————

On Appeal from the United States District Court
for the Western District of Texas
Case No. 4:20-cv-00283-O

———————————

## SUPPLEMENTAL MEMORANDUM REGARDING THE
GOVERNMENT'S MOTION FOR PARTIAL STAY PENDING APPEAL

———————————

JONATHAN F. MITCHELL
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

*Counsel for Plaintiffs-Appellees*

The government's motion for partial stay pending appeal predicts that the district court's judgment, unless stayed by this Court, will cause employers and insurers to drop coverage for preventive care required by 42 U.S.C. § 300gg-13(a)(1) during the appeal. *See* Mot. for Partial Stay, ECF No. 19–24. The government also argues the balance of equities and the public interest support a partial stay pending appeal because it will ensure continuation of the preventive-care coverage that 42 U.S.C. § 300gg-13(a)(1) currently requires. *See id.*

The government, however, neglects to acknowledge that the Affordable Care Act authorizes and imposes substantial penalties on insurers that fail to comply with 42 U.S.C. § 300gg-13(a)(1), as well as employers with 50 or more employees that fail to provide their employees with ACA-compliant health insurance. *See* 42 U.S.C § 300gg–22; 26 U.S.C. § 4980H. And the district court's judgment cannot shield or immunize insurers or employers from these statutory penalties if the judgment gets vacated or reversed on appeal. *See, e.g.*, *Edgar v. MITE Corp.*, 457 U.S. 624, 653 (1982) (Stevens, J., concurring) ("There simply is no constitutional or statutory authority that permits a federal judge to grant dispensation from a valid . . . law."). All the district court's judgment can do is restrain the government from enforcing the relevant provisions of the ACA against Braidwood during the period of time that the judgment remains in effect. It does not prevent the government from enforcing the ACA's statutory penalties *after* the judgment gets vacated against those who violated the statute in reliance on the district court's judgment.

It is commonly believed that an injunction or declaratory judgment that restrains government officials from enforcing a statute operates as a formal suspen-

sion of the statute itself and allows individuals to flout the statute without any possibility of future consequences. *See, e.g.*, *Whole Woman's Health v. Jackson*, 141 S. Ct. 2494, 2498 (2021) (Sotomayor, J., dissenting) (falsely asserting that the federal judiciary can "enjoin" a "law"); *id.* at 2499 (falsely claiming that the judiciary can "enjoin" a legislative "Act"); *United States v. Texas*, 142 S. Ct. 14, 15 (2021) (Sotomayor, J., concurring in part and dissenting in part) (same). But the federal judiciary has no power to block or enjoin a statute—even a statute that it believes to be unconstitutional. *See Whole Woman's Health*, 141 S. Ct. at 2495 (majority opinion) ("[F]ederal courts enjoy the power to enjoin individuals tasked with enforcing laws, not the laws themselves."); *Okpalobi v. Foster*, 244 F.3d 405, 426, n.34 (5th Cir. 2001) (en banc) ("An injunction enjoins a defendant, not a statute."). And the federal courts have no power to confer immunity or preemptive pardons on those who violate a statute while an injunction against the statute's enforcement was in effect. *See Edgar*, 457 U.S. at 649 (Stevens, J., concurring) ("[F]ederal judges have no power to grant such blanket dispensation from the requirements of valid legislative enactments."); *id.* at 648–53 (Stevens, J., concurring); *Mitchell v. Riegel Textile, Inc.*, 259 F.2d 954 (D.C. Cir. 1958).[1]

---

1. *See also* Douglas Laycock, *Federal Interference with State Prosecutions: The Need for Prospective Relief*, 1977 Sup. Ct. Rev. 193, 209; Thomas W. Merrill, *Judicial Opinions as Binding Law and as Explanations for Judgments*, 15 Cardozo L. Rev. 64 (1993) ("[S]tatutory provisions that have been declared unconstitutional remain part of the code unless or until repealed by the legislature. Indeed, if a provision is not repealed by the legislature, and the court later changes its mind about the meaning of the Constitution, the provision in question becomes again as fully effective and enforceable in court as if it had never been questioned.");

No rational insurer or employer would violate 42 U.S.C. § 300gg-13(a)(1) during this appeal because there is at least a possibility that the Fifth Circuit or the Supreme Court might disagree with the district court's interpretation of the Appointments Clause or its analysis of the remedial issues, which will expose insurers and employers to years of accumulated statutory penalties if they violated 42 U.S.C. § 300gg-13(a)(1) in reliance on the district court's judgment. Even Braidwood, which is a party to this case, is unwilling to change its preventive-care coverage until the conclusion of appeals—even though Braidwood will remain protected by the judgment under the partial stay that the government is proposing. *See* Declaration of Steven F. Hotze, M.D. ¶¶ 7–11 (attached as Exhibit 1).

If the government fears that some insurers or employers might misunderstand the district court's judgment as a formal suspension (in part) of 42 U.S.C. § 300gg-13(a)(1), then the government can disabuse them of that notion by announcing that it will pursue statutory penalties against anyone who violates section 300gg-13(a)(1) if the district court's judgment is vacated or reversed. *See, e.g.*, Tex. Health & Safety Code § 171.208(e)(3). The government does not need a stay from this Court to ensure compliance with 42 U.S.C. § 300gg-13(a)(1) during this appeal.

---

Jonathan F. Mitchell, *The Writ-of-Erasure Fallacy*, 104 Va. L. Rev. 933, 986–87 (2018).

## Conclusion

The government's motion for a partial stay pending appeal should be denied.

Respectfully submitted.

 /s/ Jonathan F. Mitchell
Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Dated: May 24, 2023          *Counsel for Plaintiffs-Appellees*

## Certificate Of Service

I certify that on May 24, 2023, this document was electronically filed with the clerk of the court for the U.S. Court of Appeals for the Fifth Circuit and served through CM/ECF upon:

Michael S. Raab
Alisa B. Klein
Daniel Aguilar
Attorneys, Appellate Staff
Civil Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 514-5432
michael.raab@usdoj.gov
alisa.klein@usdoj.gov
daniel.j.aguilar@usdoj.gov

*Counsel for Defendants-Appellants*

/s/ Jonathan F. Mitchell
Jonathan F. Mitchell
*Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF COMPLIANCE

with type-volume limitation, typeface requirements,
and type-style requirements

1.   This brief complies with the type-volume limitation of Fed. R. App. P.
     27(d)(2) because it contains 847 words, excluding the parts of the brief ex-
     empted by Fed. R. App. P. 32(f).

2.   This brief complies with the typeface and type-style requirements of Fed. R.
     App. P. 27(d)(1)(E), 32(a)(5), and Fed. R. App. P. 32(a)(6) because it uses
     Equity Text B 14-point type face throughout, and Equity Text B is a propor-
     tionally spaced typeface that includes serifs.

*/s/ Jonathan F. Mitchell*
JONATHAN F. MITCHELL
*Counsel for Plaintiffs-Appellees*

Dated: May 24, 2023

## CERTIFICATE OF ELECTRONIC COMPLIANCE

Counsel also certifies that on May 24, 2023, this brief was transmitted to Mr. Lyle W. Cayce, Clerk of the United States Court of Appeals for the Fifth Circuit, through http://www.pacer.gov.

Counsel further certifies that: (1) required privacy redactions have been made, 5th Cir. R. 25.2.13; (2) the electronic submission is an exact copy of the paper document, 5th Cir. R. 25.2.1; and (3) the document has been scanned with the most recent version of VirusTotal and is free of viruses.

/s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
*Counsel for Plaintiffs-Appellees*