# Exhibit 1

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

**Braidwood Management Inc.**, et al.

  Plaintiffs-Appellees,

v.

**Xavier Becerra**, et al.,

  Defendants-Appellants.

Case No. 23-10326

### DECLARATION OF STEVEN F. HOTZE, M.D.

I, Steven F. Hotze, declare as follows:

1. My name is Steven F. Hotze. I am over 21 years old and fully competent to make this declaration.

2. I have personal knowledge of each of the facts stated in this declaration, and everything stated in this declaration is true and correct.

3. I am President, Secretary, Treasurer, and sole member of the board of Braidwood Management Inc., a plaintiff-appellee in this lawsuit.

4. Braidwood Management Inc. employs approximately 70 individuals, and it provides health insurance to those employees through a self-insured plan.

5. On March 30, 2023, the district court entered a final judgment declaring that 42 U.S.C. § 300gg-13(a)(1) violates the Appointments Clause to the extent it empowers the U.S. Preventive Services Task Force to unilaterally determine the preventive care that private insurers must cover without cost-sharing arrangements. *See* ECF No. 114. The final judgment also holds unlawful and sets aside (*i.e.*, vacates) all agency rules and actions taken to implement the binding recommendations from the U.S. Preventive Services Task Force that were assigned an "A" or "B" rating after March 23, 2010. *See id*. To the extent that the district court vacated those agency

actions across the board, it awarded a universal remedy that extends relief beyond the named parties to this lawsuit.

6. The government has appealed the district court's judgment and it is asking this Court to stay the judgment in part pending appeal. Specifically, the government wants the judgment stayed to the extent it provides relief that extends beyond the named plaintiffs. The government is content to allow the judgment to protect Braidwood from the enforcement of 42 U.S.C. § 300gg-13(a)(1) and the vacated agency rules while the appeal proceeds.

7. I have not yet changed Braidwood's self-insured plan in response to the district court's ruling, even though I want to exclude or limit coverage of some of the preventive care that is currently compelled by the U.S. Preventive Services Task Force. The Affordable Care Act requires Braidwood to offer ACA-compliant health insurance to its employees or face heavy financial penalties. *See* 26 U.S.C. § 4980H. The district court's judgment cannot shield or immunize Braidwood from these statutory penalties if the judgment gets vacated or reversed on appeal. All the district court's judgment can do is restrain the government from enforcing the relevant provisions of the ACA against Braidwood for as long as that judgment remains in effect. It does not confer a preemptive pardon or immunity on Braidwood if the government wins its appeal, and it does not stop the government from enforcing the ACA's statutory penalties *after* the judgment gets vacated against those who violated the statute while the judgment was in effect.

8. Although I believe that the district court's ruling is sound and has a good chance of surviving the government's appeal in the Fifth Circuit and the Supreme Court of the United States, I am far from certain that it will be affirmed, and I cannot take the risk that the Fifth Circuit or the Supreme Court will interpret the Appointments Clause differently and vacate or reverse the district court's judgment. If that were to happen, Braidwood would be exposed to years of statutory penalties under

section 4980H if it fails to provide the preventive-care coverage mandated by 42 U.S.C. § 300gg-13(a)(1).

9. The government, to my knowledge, has not made any promise or binding commitment not to seek statutory penalties against employers who violate 42 U.S.C. § 300gg-13(a)(1) while the district court's injunction remains in effect.

10. If the Supreme Court affirms the district court's ruling in relevant part or if it denies certiorari from a ruling of this Court that affirms the district court, then I will change Braidwood's self-insured plan to exclude or limit coverage of preventive care that I do not want to provide, or that I am unwilling to provide without cost-sharing.

11. I have no intention of changing Braidwood's self-insured plan until the appeals process in this litigation becomes final, or until the government makes a legally enforceable commitment not to seek statutory penalties against Braidwood (and others) who violate 42 U.S.C. § 300gg-13(a)(1) in reliance of the district court's judgment.

This concludes my sworn statement. I declare under penalty of perjury that the foregoing is true and correct.

Dated: 5/25/2023

*Steven Forrest Hotze MD*
STEVEN F. HOTZE, M.D.