No. 23-10326

# In the United States Court of Appeals for the Fifth Circuit

---

BRAIDWOOD MANAGEMENT, INCORPORATED; JOHN SCOTT KELLEY; KELLEY ORTHODONTICS; ASHLEY MAXWELL; ZACH MAXWELL; JOEL STARNES,

*Plaintiffs-Appellees/Cross-Appellants*,

v.

XAVIER BECERRA, SECRETARY, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, IN HIS OFFICIAL CAPACITY AS SECRETARY OF HEALTH AND HUMAN SERVICES; UNITED STATES OF AMERICA; JANET YELLEN, SECRETARY, U.S. DEPARTMENT OF TREASURY, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE TREASURY; JULIE A. SU, ACTING SECRETARY, U.S. DEPARTMENT OF LABOR, IN HER OFFICIAL CAPACITY AS SECRETARY OF LABOR,

*Defendants-Appellants/Cross-Appellees.*

---

On Appeal from the United States District Court
for the Western District of Texas
Case No. 4:20-cv-00283-O

---

## SUPPLEMENTAL MEMORANDUM REGARDING THE GOVERNMENT'S MOTION FOR PARTIAL STAY PENDING APPEAL

---

JONATHAN F. MITCHELL
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

*Counsel for Plaintiffs-Appellees*

The government's motion for partial stay pending appeal predicts that the district court's judgment, unless stayed by this Court, will cause employers and insurers to drop coverage for preventive care required by 42 U.S.C. § 300gg-13(a)(1) during the appeal. *See* Mot. for Partial Stay, ECF No. 19–24. The government also argues the balance of equities and the public interest support a partial stay pending appeal because it will ensure continuation of the preventive-care coverage that 42 U.S.C. § 300gg-13(a)(1) currently requires. *See id.*

The government, however, neglects to acknowledge that the Affordable Care Act authorizes and imposes substantial penalties on insurers that fail to comply with 42 U.S.C. § 300gg-13(a)(1), as well as employers with 50 or more employees that fail to provide their employees with ACA-compliant health insurance. *See* 42 U.S.C § 300gg–22; 26 U.S.C. § 4980H. And the district court's judgment cannot shield or immunize insurers or employers from these statutory penalties if the judgment gets vacated or reversed on appeal. *See, e.g.*, *Edgar v. MITE Corp.*, 457 U.S. 624, 653 (1982) (Stevens, J., concurring) ("There simply is no constitutional or statutory authority that permits a federal judge to grant dispensation from a valid . . . law."). All the district court's judgment can do is restrain the government from enforcing the relevant provisions of the ACA against Braidwood during the period of time that the judgment remains in effect. It does not prevent the government from enforcing the ACA's statutory penalties *after* the judgment gets vacated against those who violated the statute in reliance on the district court's judgment.

It is commonly believed that an injunction or declaratory judgment that restrains government officials from enforcing a statute operates as a formal suspen-

sion of the statute itself and allows individuals to flout the statute without any possibility of future consequences. *See, e.g.*, *Whole Woman's Health v. Jackson*, 141 S. Ct. 2494, 2498 (2021) (Sotomayor, J., dissenting) (falsely asserting that the federal judiciary can "enjoin" a "law"); *id.* at 2499 (falsely claiming that the judiciary can "enjoin" a legislative "Act"); *United States v. Texas*, 142 S. Ct. 14, 15 (2021) (Sotomayor, J., concurring in part and dissenting in part) (same). But the federal judiciary has no power to block or enjoin a statute—even a statute that it believes to be unconstitutional. *See Whole Woman's Health*, 141 S. Ct. at 2495 (majority opinion) ("[F]ederal courts enjoy the power to enjoin individuals tasked with enforcing laws, not the laws themselves."); *Okpalobi v. Foster*, 244 F.3d 405, 426, n.34 (5th Cir. 2001) (en banc) ("An injunction enjoins a defendant, not a statute."). And the federal courts have no power to confer immunity or preemptive pardons on those who violate a statute while an injunction against the statute's enforcement was in effect. *See Edgar*, 457 U.S. at 649 (Stevens, J., concurring) ("[F]ederal judges have no power to grant such blanket dispensation from the requirements of valid legislative enactments."); *id.* at 648–53 (Stevens, J., concurring); *Mitchell v. Riegel Textile, Inc.*, 259 F.2d 954 (D.C. Cir. 1958).[1]

---

1. *See also* Douglas Laycock, *Federal Interference with State Prosecutions: The Need for Prospective Relief*, 1977 Sup. Ct. Rev. 193, 209; Thomas W. Merrill, *Judicial Opinions as Binding Law and as Explanations for Judgments*, 15 Cardozo L. Rev. 64 (1993) ("[S]tatutory provisions that have been declared unconstitutional remain part of the code unless or until repealed by the legislature. Indeed, if a provision is not repealed by the legislature, and the court later changes its mind about the meaning of the Constitution, the provision in question becomes again as fully effective and enforceable in court as if it had never been questioned.");

No rational insurer or employer would violate 42 U.S.C. § 300gg-13(a)(1) during this appeal because there is at least a possibility that the Fifth Circuit or the Supreme Court might disagree with the district court's interpretation of the Appointments Clause or its analysis of the remedial issues, which will expose insurers and employers to years of accumulated statutory penalties if they violated 42 U.S.C. § 300gg-13(a)(1) in reliance on the district court's judgment. Even Braidwood, which is a party to this case, is unwilling to change its preventive-care coverage until the conclusion of appeals—even though Braidwood will remain protected by the judgment under the partial stay that the government is proposing. *See* Declaration of Steven F. Hotze, M.D. ¶¶ 7–11 (attached as Exhibit 1).

If the government fears that some insurers or employers might misunderstand the district court's judgment as a formal suspension (in part) of 42 U.S.C. § 300gg-13(a)(1), then the government can disabuse them of that notion by announcing that it will pursue statutory penalties against anyone who violates section 300gg-13(a)(1) if the district court's judgment is vacated or reversed. *See, e.g.*, Tex. Health & Safety Code § 171.208(e)(3). The government does not need a stay from this Court to ensure compliance with 42 U.S.C. § 300gg-13(a)(1) during this appeal.

---

Jonathan F. Mitchell, *The Writ-of-Erasure Fallacy*, 104 Va. L. Rev. 933, 986–87 (2018).

## CONCLUSION

The government's motion for a partial stay pending appeal should be denied.

Respectfully submitted.

 /s/ Jonathan F. Mitchell 
JONATHAN F. MITCHELL
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Dated: May 24, 2023                *Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF SERVICE

I certify that on May 24, 2023, this document was electronically filed with the clerk of the court for the U.S. Court of Appeals for the Fifth Circuit and served through CM/ECF upon:

MICHAEL S. RAAB
ALISA B. KLEIN
DANIEL AGUILAR
Attorneys, Appellate Staff
Civil Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 514-5432
michael.raab@usdoj.gov
alisa.klein@usdoj.gov
daniel.j.aguilar@usdoj.gov

*Counsel for Defendants-Appellants*

/s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
*Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF COMPLIANCE

with type-volume limitation, typeface requirements,
and type-style requirements

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 847 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.  This brief complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E), 32(a)(5), and Fed. R. App. P. 32(a)(6) because it uses Equity Text B 14-point type face throughout, and Equity Text B is a proportionally spaced typeface that includes serifs.

 /s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
*Counsel for Plaintiffs-Appellees*

Dated: May 24, 2023

## CERTIFICATE OF ELECTRONIC COMPLIANCE

Counsel also certifies that on May 24, 2023, this brief was transmitted to Mr. Lyle W. Cayce, Clerk of the United States Court of Appeals for the Fifth Circuit, through http://www.pacer.gov.

Counsel further certifies that: (1) required privacy redactions have been made, 5th Cir. R. 25.2.13; (2) the electronic submission is an exact copy of the paper document, 5th Cir. R. 25.2.1; and (3) the document has been scanned with the most recent version of VirusTotal and is free of viruses.

 /s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
*Counsel for Plaintiffs-Appellees*

# Exhibit 1

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

**Braidwood Management Inc.**, et al.

Plaintiffs-Appellees,

v.

Case No. 23-10326

**Xavier Becerra**, et al.,

Defendants-Appellants.

## DECLARATION OF STEVEN F. HOTZE, M.D.

I, Steven F. Hotze, declare as follows:

1.    My name is Steven F. Hotze. I am over 21 years old and fully competent to make this declaration.

2.    I have personal knowledge of each of the facts stated in this declaration, and everything stated in this declaration is true and correct.

3.    I am President, Secretary, Treasurer, and sole member of the board of Braidwood Management Inc., a plaintiff-appellee in this lawsuit.

4.    Braidwood Management Inc. employs approximately 70 individuals, and it provides health insurance to those employees through a self-insured plan.

5.    On March 30, 2023, the district court entered a final judgment declaring that 42 U.S.C. § 300gg-13(a)(1) violates the Appointments Clause to the extent it empowers the U.S. Preventive Services Task Force to unilaterally determine the preventive care that private insurers must cover without cost-sharing arrangements. *See* ECF No. 114. The final judgment also holds unlawful and sets aside (*i.e.*, vacates) all agency rules and actions taken to implement the binding recommendations from the U.S. Preventive Services Task Force that were assigned an "A" or "B" rating after March 23, 2010. *See id.* To the extent that the district court vacated those agency

actions across the board, it awarded a universal remedy that extends relief beyond the named parties to this lawsuit.

6.    The government has appealed the district court's judgment and it is asking this Court to stay the judgment in part pending appeal. Specifically, the government wants the judgment stayed to the extent it provides relief that extends beyond the named plaintiffs. The government is content to allow the judgment to protect Braidwood from the enforcement of 42 U.S.C. § 300gg-13(a)(1) and the vacated agency rules while the appeal proceeds.

7.    I have not yet changed Braidwood's self-insured plan in response to the district court's ruling, even though I want to exclude or limit coverage of some of the preventive care that is currently compelled by the U.S. Preventive Services Task Force. The Affordable Care Act requires Braidwood to offer ACA-compliant health insurance to its employees or face heavy financial penalties. *See* 26 U.S.C. § 4980H. The district court's judgment cannot shield or immunize Braidwood from these statutory penalties if the judgment gets vacated or reversed on appeal. All the district court's judgment can do is restrain the government from enforcing the relevant provisions of the ACA against Braidwood for as long as that judgment remains in effect. It does not confer a preemptive pardon or immunity on Braidwood if the government wins its appeal, and it does not stop the government from enforcing the ACA's statutory penalties *after* the judgment gets vacated against those who violated the statute while the judgment was in effect.

8.    Although I believe that the district court's ruling is sound and has a good chance of surviving the government's appeal in the Fifth Circuit and the Supreme Court of the United States, I am far from certain that it will be affirmed, and I cannot take the risk that the Fifth Circuit or the Supreme Court will interpret the Appointments Clause differently and vacate or reverse the district court's judgment. If that were to happen, Braidwood would be exposed to years of statutory penalties under

section 4980H if it fails to provide the preventive-care coverage mandated by 42 U.S.C. § 300gg-13(a)(1).

9.  The government, to my knowledge, has not made any promise or binding commitment not to seek statutory penalties against employers who violate 42 U.S.C. § 300gg-13(a)(1) while the district court's injunction remains in effect.

10.  If the Supreme Court affirms the district court's ruling in relevant part or if it denies certiorari from a ruling of this Court that affirms the district court, then I will change Braidwood's self-insured plan to exclude or limit coverage of preventive care that I do not want to provide, or that I am unwilling to provide without cost-sharing.

11.  I have no intention of changing Braidwood's self-insured plan until the appeals process in this litigation becomes final, or until the government makes a legally enforceable commitment not to seek statutory penalties against Braidwood (and others) who violate 42 U.S.C. § 300gg-13(a)(1) in reliance of the district court's judgment.

This concludes my sworn statement. I declare under penalty of perjury that the foregoing is true and correct.

Dated: 5/25/2023

DocuSigned by:

*Steven Forrest Hotze MD*
6201BC2942D0425...

STEVEN F. HOTZE, M.D.