IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

<div style="border:1px solid;">

BRAIDWOOD MANAGEMENT, INCORPORATED; JOHN SCOTT KELLEY; KELLEY ORTHODONTICS; ASHLEY MAXWELL; ZACH MAXWELL; JOEL STARNES,

Plaintiff-Appellees/Cross-Appellants,

v.

XAVIER BECERRA, SECRETARY, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, in his official capacity as Secretary of Health and Human Services; UNITED STATES OF AMERICA; JANET YELLEN, SECRETARY, U.S. DEPARTMENT OF TREASURY, in her official capacity as Secretary of the Treasury; JULIE A. SU, ACTING SECRETARY, U.S. DEPARTMENT OF LABOR, in her official capacity as Secretary of Labor,

Defendants-Appellants/Cross-Appellees.

No. 23-10326

</div>

**RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM REGARDING THE GOVERNMENT'S MOTION FOR A PARTIAL STAY PENDING APPEAL**

Plaintiffs' supplemental brief underscores why this Court should continue the administrative stay and enter a partial stay of the final judgment pending appeal.

**1.** First, plaintiffs' supplemental filing shows that the district court's universal remedies took "the judicial power beyond its traditionally

understood uses." *Arizona v. Biden*, 40 F.4th 375, 396 (6th Cir. 2022) (Sutton, C.J., concurring).  Although this case is not a class action, the district court extended relief to every insurer, employer, and group health plan that is subject to the statutory coverage requirement at issue here. Now, Braidwood purports to bind all such insurers, employers, and plans to a major concession regarding their potential liability.  Braidwood volunteers that if it reduces coverage in reliance on the district court's judgment, it will accrue liability for tax penalties under 26 U.S.C. § 4980D that the government may collect—retrospectively—if the government prevails after exhausting appellate review.[1]  And Braidwood makes that concession not merely on its own behalf—as it is free to do for tactical reasons or otherwise—but on behalf of every insurer, employer, and plan. Having made that universal concession, Braidwood then argues that "[n]o rational insurer or employer would violate 42 U.S.C. § 300gg-13(a)(1)" pending appellate review because this Court or the Supreme Court "might

---

[1] Plaintiffs' supplemental brief refers to tax penalties in 26 U.S.C. § 4980H, but the tax penalties for failing to comply with the statute's preventive-services coverage requirements are in 26 U.S.C. § 4980D.  *See Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 697 (2014).  There are also relevant penalties in 42 U.S.C. § 300gg-22.  The tax in 26 U.S.C. § 4980H is not at issue here.  *Cf. Hotze v. Burwell*, 784 F.3d 984, 996-99 (5th Cir. 2015) (holding that Braidwood's challenge to 26 U.S.C. § 4980H was barred by the Anti-Injunction Act).

disagree with the district court's interpretation of the Appointments Clause or its analysis of the remedial issues, which will expose insurers and employers to years of accumulated statutory penalties if they violated 42 U.S.C. § 300gg-13(a)(1) in reliance on the district court's judgment." Pls. Supp. Mem. 3.

However, Braidwood has no authority to make a binding concession on behalf of nonparty insurers, employers, or plans. When the same issue arose in the contraceptive-coverage litigation, the plaintiffs took the position opposite to the concession that Braidwood makes here. *See Autocam Corp. v. Sebelius*, No. 12-cv-01096, Dkt. 40 at 2 (W.D. Mich. Dec. 21, 2012) (arguing that a district court injunction would spare the plaintiffs "tens of thousands of dollars in fines—even if the injunction is ultimately vacated").[2]

As Chief Judge Sutton has explained: "The law already has a mechanism for applying a judgment to third parties." *Arizona*, 40 F.4th at

---

[2] The government's parallel filing in *Autocam* (Dkt. 41) argued that a preliminary injunction should be denied for merits reasons and indicated that, under the particular circumstances of that case, a preliminary injunction would likely mitigate but not eliminate the tax liability that the plaintiffs would accrue if the government prevailed on the merits of their RFRA claims. The district court denied a preliminary injunction and the court of appeals affirmed, but the Supreme Court remanded for further consideration in light of *Hobby Lobby*. On remand, the parties agreed that the plaintiffs were entitled to a targeted permanent injunction (Dkt. 76).

3

396. "That is the role of class actions, and Civil Rule 23 carefully lays out the procedures for permitting a district court to bind nonparties to an action." *Id.* Braidwood cannot act as an unauthorized class representative. The district court should not have granted relief to nonparty insurers, employers, or plans; nor should it have extinguished the rights of 150 million Americans who are not parties to this suit. And Braidwood cannot relinquish—on behalf of nonparty insurers, employers, or plans—an objection to tax liability that they might later wish to assert.

    **2.** Second, plaintiffs' supplemental brief shows that the plaintiffs themselves have no reason for opposing the requested partial stay of the final judgment pending appeal. Braidwood's president represents in his sworn declaration that Braidwood will not reduce coverage in its self-insured plan unless it ultimately prevails on the merits after all appellate review is exhausted. *See* Pls. Supp. Mem, Exh. 1 ¶¶ 7-11 (Hotze declaration); *see also* Pls. Supp. Mem. 3 (representing to this Court that "[e]ven Braidwood, which is a party to this case, is unwilling to change its preventive-care coverage until the conclusion of appeals—even though Braidwood will remain protected by the judgment under the partial stay that the government is proposing."). And if plaintiffs' concession regarding the accrual of penalties is correct, no insurer will risk selling the individual

4

plaintiffs their wished-for plans while the district court's judgment remains under review (even assuming arguendo that a Texas insurer would otherwise be willing to do so, which the record does not demonstrate). In short, all plaintiffs have conceded that the requested partial stay of the final judgment will cause them no harm whatsoever.

    Accordingly, this Court should enter the requested partial stay of the final judgment pending appeal to preserve the status quo of 13 years and to protect the rights of 150 million Americans who are not parties to this case. We ask that this Court do so as soon as possible to dispel any uncertainty regarding insurance coverage that could discourage people from obtaining the wide array of life-saving preventive services at issue here.

Respectfully submitted,

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney*
  *General*
LEIGHA SIMONTON
  *United States Attorney*
MICHAEL S. RAAB
 */s/ Alisa B. Klein*
ALISA B. KLEIN
DANIEL AGUILAR
(202) 514-5432
   Attorneys, Appellate Staff
   Civil Division
   U.S. Department of Justice
   950 Pennsylvania Avenue, NW
   Washington, DC  20530

MAY 2023

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2023, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

                                             */s/ Alisa B. Klein*
                                             Alisa B. Klein

## CERTIFICATION OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify this response complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Georgia, a proportionally spaced font, and that it contains 906 words, according to the count of Microsoft Word.

                                             */s/ Alisa B. Klein*
                                             Alisa B. Klein