IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

Braidwood Management, Incorporated; John Scott Kelley; Kelley Orthodontics; Ashley Maxwell; Zach Maxwell; Joel Starnes,

Plaintiff-Appellees/Cross-Appellants,

v.

Xavier Becerra, Secretary, U.S. Department of Health and Human Services, in his official capacity as Secretary of Health and Human Services; United States of America; Janet Yellen, Secretary, U.S. Department of Treasury, in her official capacity as Secretary of the Treasury; Julie A. Su, Acting Secretary, U.S. Department of Labor, in her official capacity as Secretary of Labor,

Defendants-Appellants/Cross-Appellees.

No. 23-10326

**JOINT STIPULATION AND PROPOSED ORDER**

Pursuant to this Court's order of June 7, 2023, the parties have reached the following agreement:

1. The district court's final judgment of March 30, 2023, vacated agency actions taken to implement or enforce the preventive-services coverage requirements in 42 U.S.C. § 300gg-13(a)(1) in response to an "A" or "B" recommendation by the Task Force on or after March 23, 2010, and

enjoined the defendants from implementing or enforcing those requirements against anyone in response to an "A" or "B" recommendation in the future. The district court concluded that universal vacatur was required under 5 U.S.C. § 706(2).

 2. The plaintiffs have concluded that the district court's judgment and universal remedy are incapable of immunizing the plaintiffs or anyone else from statutory penalties or enforcement action if the district court's judgment is later vacated or reversed on appeal, even for violations of 42 U.S.C. § 300gg-13(a)(1) that occur while the district court's judgment remains in effect. *See Edgar v. MITE Corp.*, 457 U.S. 624, 651 (1982) (Stevens, J., concurring in part and concurring in the judgment) ("[A] final judgment declaring a state statute unconstitutional would not grant immunity for actions taken in reliance on the court's decision); *Okpalobi v. Foster*, 244 F.3d 405, 426, n.34 (5th Cir. 2001) (en banc) ("An injunction enjoins a defendant, not a statute.").

 3. Because the plaintiffs and private insurers cannot be certain that the district court's judgment will be affirmed on appeal, and because the plaintiffs have concluded that they could face future statutory penalties if they violate 42 U.S.C. § 300gg-13(a)(1) while the district court's judgment is in effect if the judgment is later vacated or reversed, plaintiff Braidwood

Management Inc. is unwilling to change its self-insured plan to exclude or limit coverage of preventive care recommended by the Task Force until the appeals process becomes final, or unless the defendants commit not to seek statutory penalties or pursue enforcement action arising out of Braidwood's violations of 42 U.S.C. § 300gg-13(a)(1) while the district court's judgment remains in effect. *See* Declaration of Steven F. Hotze, M.D., ECF No. 127, Ex. 1, at ¶¶ 7–11.

4.  Pursuant to this stipulation, the defendants agree not to seek penalties or take any enforcement action—now or at any time in the future—arising out of any refusal by Braidwood Management Inc. to cover preventive care recommended by the U.S. Preventive Services Task Force on or after March 23, 2010, in its self-insured group health plan, or any imposition by Braidwood of cost-sharing arrangements for such preventive care, if such refusal or imposition occurs between now and the issuance of the mandate in this appeal.  This stipulation does not shield Braidwood or anyone else from enforcement action or penalties arising out of violations of 42 U.S.C. § 300gg-13(a)(1) that occur after this Court issues its mandate, if this Court vacates or reverses the judgment that protects Braidwood from the relevant enforcement action or penalties.

5. The defendants also agree not to seek penalties or take any enforcement action—now or at any time in the future—arising out of a Texas-based insurance issuer's offer of a plan that excludes coverage of preexposure prophylaxis drugs to John Kelley, Joel Starnes, Zach Maxwell, Ashley Maxwell, and/or Kelley Orthodontics (collectively, the "individual plaintiffs"), if that offer is made between now and the issuance of the mandate in this appeal. The defendants further agree not to seek penalties or take any enforcement action—now or at any time in the future—against the individual plaintiffs for purchasing or maintaining such a plan between now and the issuance of the mandate in this appeal. This stipulation does not shield the individual plaintiffs or anyone else from enforcement action or penalties arising out of violations of 42 U.S.C. § 300gg-13(a)(1) that occur after this Court issues its mandate, if this Court: (1) vacates or reverses the judgment or remedy entered with respect to plaintiffs' successful Appointments Clause claim; and (2) vacates or reverses the judgment in the individual plaintiffs' favor on their claim under the Religious Freedom Restoration Act.

6. In exchange for the defendants' commitments in paragraphs (4) and (5) above, the plaintiffs withdraw their opposition to the defendants' motion for a partial stay of the final judgment pending appeal (Doc. 30)

and agree that this Court should, as requested in that motion, stay the first paragraph of item 3 in the judgment, ROA.2131-2132, pending the issuance of the mandate in this appeal.

7. In agreeing to this partial stay of the final judgment pending appeal, the plaintiffs are not conceding or acknowledging that the defendants are likely to succeed on the merits of their appeal, nor is this a recognition or agreement that the defendants might be entitled to a partial stay pending appeal under the four-part test described in *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Likewise, the defendants are not making any concessions with respect to the merits or the relief available in this case.

8. The provisions of this agreement are non-severable and take effect only if this Court enters the partial stay of the final judgment pending the issuance of the mandate in this appeal.

9. A proposed order is attached.

|  | Respectfully submitted, |
|---|---|
| /s/ Jonathan F. Mitchell<br>JONATHAN F. MITCHELL<br>Mitchell Law PLLC<br>111 Congress Avenue, Suite 400<br>Austin, Texas 78701<br>(512) 686-3940 (phone)<br>(512) 686-3941 (fax)<br>jonathan@mitchell.law<br><br>*Counsel for Plaintiffs-Appellees* | MICHAEL S. RAAB<br> /s/ DRAFT<br>ALISA B. KLEIN<br>DANIEL AGUILAR<br>(202) 514-1597<br>   Attorneys, Appellate Staff<br>   Civil Division<br>   U.S. Department of Justice<br>   950 Pennsylvania Avenue, NW<br>   Washington, DC  20530<br><br>*Counsel for Defendants-Appellants* |

JUNE 2023

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2013, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

                                                            _/s/ Jonathan F. Mitchell_
                                                          JONATHAN F. MITCHELL