No. 23-10326

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

BRAIDWOOD MANAGEMENT, INCORPORATED *et al.*,

Plaintiffs-Appellees/
Cross-Appellants,

v.

XAVIER BECERRA, Secretary, U.S. Department of Human Services, in His Official Capacity As Secretary of Health And Human Services, *et al.*,

Defendants-Appellants/
Cross-Appellees.

ON APPEAL FROM THE UNITED STATES
DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS

**UNOPPOSED MOTION OF UNITED STATES OF CARE, MICHIGAN LEAGUE FOR PUBLIC POLICY, WEST VIRGINIANS FOR AFFORDABLE HEALTH CARE, CONSUMERS FOR AFFORDABLE HEALTH CARE, NEW DAY NEVADA, YOUNG INVINCIBLES, SHRIVER CENTER ON POVERTY LAW, ACADEMYHEALTH, COLORADO CONSUMER HEALTH INITIATIVE, PENNSYLVANIA HEALTH ACCESS NETWORK, COMMITTEE TO PROTECT HEALTH CARE, UTAH HEALTH POLICY PROJECT, COMMUNITY CATALYST, PROTECT OUR CARE, ACA CONSUMER ADVOCACY, AND THE NATIONAL PARTNERSHIP FOR WOMEN & FAMILIES
FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF THE APPELLANTS/CROSS-APPELLEES AND IN SUPPORT OF REVERSAL**

Daniel G. Jarcho
ALSTON & BIRD LLP
950 F Street, N.W.
Washington, DC 20004
Phone: (202) 239-3300
Fax: (202) 239-3333
Email: daniel.jarcho@alston.com

Counsel for Movants

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record for the proposed *amici curiae* listed below certifies that the following listed persons and entities described in the fourth sentence of Local Rule 28.2.1 (in addition to those previously identified in certificates filed by the parties and other *amici*) have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

A. Proposed *Amici curiae* United States of Care, Michigan League for Public Policy, West Virginians for Affordable Health Care, Consumers for Affordable Health Care, New Day Nevada, Young Invincibles, Shriver Center on Poverty Law, AcademyHealth, Colorado Consumer Health Initiative, Pennsylvania Health Access Network, Committee to Protect Health Care, Utah Health Policy Project, Community Catalyst, Protect Our Care, ACA Consumer Advocacy, and The National Partnership for Women & Families have no parent corporations. No publicly-held corporation owns 10% or more the stock of any of these organizations.

B. The foregoing proposed *amici curiae* are represented by Daniel G. Jarcho of Alston & Bird LLP.

    /s/ Daniel G. Jarcho
Daniel G. Jarcho

Attorney of Record for Movants

Pursuant to Fed. R. App. P. 29(a) and Fifth Circuit Rule 29.1, movants United States of Care, Michigan League for Public Policy, West Virginians for Affordable Health Care, Consumers for Affordable Health Care, New Day Nevada, Young Invincibles, Shriver Center on Poverty Law, AcademyHealth, Colorado Consumer Health Initiative, Pennsylvania Health Access Network, Committee to Protect Health Care, Utah Health Policy Project, Community Catalyst, Protect Our Care, ACA Consumer Advocacy, and The National Partnership for Women & Families move the Court for leave to file a brief as *amici curiae* in support of the government appellants/cross-appellees and in support of reversal. Undersigned counsel has contacted counsel for the parties, who stated that they do not oppose the motion.

The Court has discretion to grant a motion for leave to participate as *amici curiae*. *See, e.g.*, *Richardson v. Flores*, 979 F.3d 1102, 1106 (5th Cir. 2020). Courts typically grant leave to file when *amici* demonstrate sufficient interest in a case and their brief is relevant to the issues raised in the case. *See, e.g.*, *Lefebure v. D'Aquilla*, 15 F.4th 670, 676 (5th Cir. 2021) (Ho, J.) ("[W]e would be 'well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted.'" (quoting *Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 133 (3d Cir. 2002)). *Amici* have met that standard here.

## THE MOVANTS' INTERESTS

The movants are nonprofit organizations dedicated to assuring quality, affordable, equitable health care — including preventive care — throughout the United States. They have a significant interest in this case, because if this Court does not reverse the District Court's ruling, more than 150 million Americans will lose access to no-cost preventive care that would otherwise protect them from illness.

## REASONS THAT THE PROPOSED *AMICUS* BRIEF IS DESIRABLE AND RELEVANT TO THE DISPOSITION OF THE CASE

The proposed *amicus* brief is desirable and relevant to the disposition of the case, because it documents a variety of ways in which the District Court's ruling (if allowed to stand) would devastate preventive care in this country.

*First*, the brief explains how the District Court's ruling would undermine the public health. The brief addresses why preventive services would decline if consumers are required to pay for them out of pocket and why there is no guarantee that many employers or insurers would continue no-cost preventive services in the absence of a federal regulatory requirement. The brief also documents the serious diseases prevented through no-cost insurance coverage of services eviscerated by the District Court's ruling. And the brief illustrates how the ruling would undermine consumer access to preventive-care innovations and reverse progress in reducing barriers to care and inequities in the health system.

*Second*, the brief documents how reducing access to, and uptake of, preventive care would increase costs throughout the healthcare system. If serious diseases are not prevented on the front end, the healthcare system bears the brunt of treating the diseases later.

*Finally*, the brief illustrates broader adverse effects on consumers that would flow from the District Court's ruling, including increasing consumer confusion and harmful variation in preventive services coverage.

We respectfully submit that the brief would provide the Court with helpful context for the nationwide effects of its decision on appeal.

## **CONCLUSION**

The Court should grant the motion and file the proposed *amicus* brief.

June 27, 2023                                                      Respectfully submitted,

                                                               /s/ Daniel G. Jarcho
Daniel G. Jarcho
ALSTON & BIRD LLP
950 F Street, N.W.
Washington, DC 20004
Phone: (202) 239-3300
Fax: (202) 239-3333
Email: daniel.jarcho@alston.com

Counsel for Movants

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because the motion contains 564 words.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type styles requirements of Fed. R. App. P. 32(a)(6) because this brief has been set in a plain, roman style in a proportionally spaced, 14-point, serif typeface.

Dated: June 27, 2023

    /s/ Daniel G. Jarcho
Daniel G. Jarcho

# CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2023, I electronically served the foregoing Motion and Proposed *Amicus* Brief on the following counsel for the parties through the Court's CM/ECF system:

Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, TX  78701

*Counsel for Plaintiffs-Appellees/Cross-Appellants*

Daniel Aguilar
Appellate Staff
Civil Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C.  20520

*Counsel for the Defendants-Appellants/Cross-Appellees*

        /s/ Daniel G. Jarcho
        Daniel G. Jarcho