# MITCHELL LAW

Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 TEL
(512) 686-3941 FAX
jonathan@mitchell.law

March 26, 2024

Lyle W. Cayce
Clerk of Court
United States Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 South Maestri Place
New Orleans, Louisiana 70130-3408

Re:   *Braidwood Management, Inc. v. Becerra*, No. 23-10326 (5th Cir.)

Dear Mr. Cayce:

The defendants claim that *Deanda v. Becerra*, No. 23-10159 (5th Cir. Mar. 12, 2024), precludes this Court from affirming the district court's APA remedy. Not so.

*Deanda* rejected a district court's decision to vacate 42 C.F.R. § 59.10(b) because the validity of that rule went unmentioned in the summary-judgment briefing, and the plaintiff first suggested vacatur when he submitted his proposed final judgment to the district court. *See* slip op. at 28 ("It was only Deanda's proposed final judgment that first mentioned vacating 42 C.F.R. § 59.10(b)."). The opposing party therefore lacked an "'opportunity to challenge'" the vacatur remedy, and never received "'meaningful notice'" of it. Slip op. at 28 (quoting *Peterson v. Bell Helicopter Textron*, Inc., 806 F.3d 335, 340 n.4 (5th Cir. 2015)).

In this case, the parties briefed *all* of the remedial questions at the summary-judgment stage, and the defendants received both "meaningful notice" and an "opportunity to challenge" the vacatur remedy that the plaintiffs were seeking. ROA.1841-1851; ROA.1869-1879; ROA.2054-2063; ROA.2093-2100. The defendants incorrectly state that the plaintiffs' "first invocation of § 706 and vacatur—like in *Deanda*—came in a post-summary-judgment brief." Letter from Daniel Aguilar, ECF. No. 326, at 2. The remedial issues were briefed during summary judgment, as the district court bifurcated the summary-judgment briefing schedule and established separate rounds of summary-judgment briefing on the constitutional and remedial questions. ROA.1828-1829 (scheduling order). All of the briefs that discuss the vacatur and section 706 issues in the district court have "summary judgment" in their title. ROA.1830; ROA.1854; ROA.2035; ROA.2072.

*Deanda* does not hold that that a litigant must plead or specifically mention an APA remedy in his complaint as a necessary condition to obtaining relief under section 706, as the defendants seem to suggest at times in their letter, and any such interpretation of *Deanda* would contradict Rule 54(c), *Whole Woman's Health v. Hellerstedt*, 579 U.S. 582, 603–04 (2016), and *Sapp v. Renfroe*, 511 F.2d 172, 176, n.3 (5th Cir. 1975).

                                                Respectfully submitted.

                                                /s/ Jonathan F. Mitchell
                                                JONATHAN F. MITCHELL
                                                Mitchell Law PLLC
                                                111 Congress Avenue, Suite 400
                                                Austin, Texas 78701
                                                (512) 686-3940 (phone)
                                                (512) 686-3941 (fax)
                                                jonathan@mitchell.law

cc: All counsel (via CM/ECF)　　　　　　　*Counsel for Appellees/Cross-Appellants*