# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
August 26, 2025
Lyle W. Cayce
Clerk

No. 23-10326

_____

Braidwood Management, Incorporated; John Scott Kelley; Kelley Orthodontics; Ashley Maxwell; Zach Maxwell; Joel Starnes,

          *Plaintiffs—Appellees/Cross-Appellants,*

Joel Miller; Gregory Scheideman,

          *Plaintiffs—Cross-Appellants,*

*versus*

Xavier Becerra, *Secretary, U.S. Department of Health and Human Services, in his official capacity as Secretary of Health and Human Services*; United States of America; Janet Yellen, *Secretary, U.S. Department of Treasury, in her official capacity as Secretary of the Treasury*; Julie A. Su, *Acting Secretary, U.S. Department of Labor, in her official capacity as Secretary of Labor*,

          *Defendants—Appellants/Cross-Appellees.*

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CV-283

_____

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

No. 23-10326

Before WILLETT, WILSON, and RAMIREZ, *Circuit Judges*.
PER CURIAM:[*]

This case returns to us on remand from the Supreme Court. Plaintiffs sued the federal government and several cabinet secretaries, seeking to enjoin enforcement of the Affordable Care Act's preventive-care mandates. Among other claims, Plaintiffs alleged that the structure of the entities responsible for issuing those mandates violated the Appointments Clause of Article II.

The district court agreed as to the members of the United States Preventive Services Task Force but rejected the Appointments Clause challenge to the Advisory Committee on Immunization Practices (ACIP) and the Health Resources and Services Administration (HRSA). The court vacated agency action taken to enforce the preventive-care mandates and enjoined Defendants from enforcing them against anyone. Both sides appealed.

In our original opinion, we held that Task Force members are principal officers who were not validly appointed under Article II. *Braidwood Mgmt., Inc. v. Becerra*, 104 F.4th 930, 947 (5th Cir. 2024), *rev'd and remanded*, 145 S. Ct. 2427 (2025). We therefore affirmed the injunction as to Plaintiffs but reversed its universal injunction. *Id.* at 955.

On Plaintiffs' cross-appeal, we noted that, unlike the Task Force, ACIP and HRSA operate under the supervisory authority of the Secretary of Health and Human Services. *Id.* at 956. The government argued that the Secretary exercised this authority to cure any Appointments Clause defect by ratifying ACIP's and HRSA's recommendations. But Plaintiffs raised compelling—and largely unrebutted—arguments that the Secretary's ratification memo presents serious APA concerns. *Id.* We concluded that

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

2

No. 23-10326

those issues should be addressed by the district court in the first instance and remanded the cross-appeal for that reason. *Id.* at 957.

The Supreme Court has now held that "the Task Force members' appointments are fully consistent with the Appointments Clause in Article II of the Constitution." *Kennedy v. Braidwood Mgmt., Inc.*, 145 S. Ct. 2427, 2461 (2025). The Court reversed our judgment and remanded for further proceedings consistent with its opinion. It did not address Plaintiffs' cross-appeal.

Accordingly, we REMAND to the district court for further proceedings consistent with the Supreme Court's decision and with those portions of our prior opinion that remain unaffected.



**Certified as a true copy and issued as the mandate on** Aug 26, 2025

**Attest:** *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**